UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM MYRE, and SHERI MYRE,
as co-personal representatives of the Estate
of T.M., Deceased; CRAIG SHILLING, and
JILL SOAVE, as co-personal representatives
of the Estate of J. S., Deceased; CHAD
GREGORY, as Next Friend for K. G., a minor;
LAUREN ALIANO, as Next Friend for S.K.,
a minor, and G.K., a minor; and LAURA LUCAS,
as Next Friend for A.S., a minor,

|  |  |
|---|---|
| Plaintiffs, | Judge Mark A. Goldsmith |
| v | No. 22-11113 |

OXFORD COMMUNITY SCHOOLS,
TIMOTHY THRONE, STEVEN WOLF,
NICHOLAS EJAK, SHAWN HOPKINS,
KENNETH WEAVER, PAM PARKER
FINE, JACQUELINE KUBINA, BECKY
MORGAN and ALLISON KARPINSKI,

Defendants.

| | |
|---|---|
| VEN JOHNSON (P39219) | TIMOTHY J. MULLINS (P28021) |
| JEFFREY T. STEWART (P24138) | KENNETH B. CHAPIE (P66148) |
| KANWARPREET S. KHAHRA (P80253) | JOHN L. MILLER (P71913) |
| CHRISTOPHER DESMOND (P71493) | ANNABEL F. SHEA (P83750) |
| Johnson Law, PLC | Giarmarco, Mullins & Horton, P.C. |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| 535 Griswold St., Suite 2632 | 101 W. Big Beaver Road, 10th Floor |
| Detroit, MI  48226 | Troy, MI 48084-5280 |
| (313) 324-8300 | (248) 457-7020 |
| vjohnson@venjohnsonlaw.com | tmullins@gmhlaw.com |
| jstewart@venhohnsonlaw.com | kchapie@gmhlaw.com |
| kkhahra@venjohnsonlaw.com | jmiller@gmhlaw.com |
| cdesmond@venhohnsonlaw.com | ashea@gmhlaw.com |

## **ANSWER**

Defendants, OXFORD COMMUNITY SCHOOLS, TIMOTHY THRONE, STEVEN WOLF, NICHOLAS EJAK, SHAWN HOPKINS, KENNETH WEAVER, PAM PARKER FINE, JACQUELINE KUBINA, BECKY MORGAN and ALLISON KARPINSKI, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., state their answer to Plaintiffs' Complaint as follows:

## JURISDICTION & VENUE

1.      In answer to paragraph 1, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

2.      In answer to paragraph 2, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

3.      In answer to paragraph 3, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

## THE PLAINTIFFS

4.      In answer to paragraph 4, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

5.      In answer to paragraph 5, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

6.      In answer to paragraph 6, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

7.      In answer to paragraph 7, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

8.      In answer to paragraph 8, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

9.      In answer to paragraph 9, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

**THE OXFORD DEFENDANTS**

10.    In answer to paragraph 10, Defendants affirmatively aver that Oxford Community Schools is a Michigan Public School District performing a governmental function in Oakland County, Michigan, to wit, providing a public education to students within the district and, as such, the School is a governmental

agency and is immune from suit herein. Defendant, Oxford Community Schools, denies all allegations that it any way caused or motivated the acts complained of herein for the reason that they are untrue. Further, Defendants deny Plaintiffs' statements of law as they are incorrect and untrue as to which a final determination is to be made by the Court pursuant to motions previously filed herein.

4.  [sic] In answer to paragraph 4, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs.

5.  In answer to paragraph 5, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs.

6.  In answer to paragraph 6, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

7.  In answer to paragraph 7, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

11.  [sic] In answer to paragraph 11, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

12.     In answer to paragraph 12, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

13.     In answer to paragraph 13, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

14.     In answer to paragraph 14, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

## STATEMENT OF FACTS

15.     In answer to paragraph 15, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

16.     In answer to paragraph 16, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

17.     In answer to paragraph 17, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

18.     In answer to paragraph 18, Defendants neither admit nor deny the

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

19.    In answer to paragraph 19, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

20.    In answer to paragraph 20, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

21.    In answer to paragraph 21, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

22.    In answer to paragraph 22, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

23.    In answer to paragraph 23, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

24.    In answer to paragraph 24, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

25.     In answer to paragraph 25, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiffs to their proofs.

26.     In answer to paragraph 26, Defendants deny the allegations contained therein for the reason that they constitute inaccurate and incorrect statements of law, rather than allegations of fact, the determination of which is to be made by the Court herein and leave Plaintiffs to their proofs thereon.

27.     In answer to paragraph 27, Defendants deny the allegations contained therein for the reason that they constitute inaccurate and incorrect statements of law, rather than allegations of fact, the determination of which is to be made by the Court herein and leave Plaintiffs to their proofs thereon.

28.     In answer to paragraph 28, Defendants deny the allegations contained therein for the reason that they are untrue.

29.     In answer to paragraph 29, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

30.     In answer to paragraph 30, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

31.     In answer to paragraph 31, Defendants neither admit nor deny the

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

32. In answer to paragraph 32, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

33. In answer to paragraph 33, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

34. In answer to paragraph 34, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

35. In answer to paragraph 35, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

36. In answer to paragraph 36, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

37. In answer to paragraph 37, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

38.     In answer to paragraph 38, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

39.     In answer to paragraph 39, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

40.     In answer to paragraph 40, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

41.     In answer to paragraph 41, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

42.     In answer to paragraph 42, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

43.     In answer to paragraph 43, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

44.     In answer to paragraph 44, Defendants deny the allegations contained therein for the reason that they are untrue.

45.     In answer to paragraph 45, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

46.     In answer to paragraph 46, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

47.     In answer to paragraph 47, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

48.     In answer to paragraph 48, Defendants deny the allegations contained therein for the reason that they are untrue.

49.     In answer to paragraph 49, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

50.     In answer to paragraph 50, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

51.     In answer to paragraph 51, Defendants deny the allegations contained therein for the reason that they are untrue.

52.     In answer to paragraph 52, Defendants deny the allegations contained

therein for the reason that they are untrue.

53.   In answer to paragraph 53, Defendants deny the allegations contained therein for the reason that they are untrue.

54.   In answer to paragraph 54, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

55.   In answer to paragraph 55, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

56.   In answer to paragraph 56, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

57.   In answer to paragraph 57, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

58.   In answer to paragraph 58, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

59.   In answer to paragraph 59, Defendants deny the allegations contained therein for the reason that they are untrue.

11

60.     In answer to paragraph 60, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

61.     In answer to paragraph 61, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

62.     In answer to paragraph 62, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

63.     In answer to paragraph 63, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

64.     In answer to paragraph 64, Defendants deny the allegations contained therein for the reason that they are untrue.

65.     In answer to paragraph 65, Defendants deny the allegations contained therein for the reason that they are untrue.

66.     In answer to paragraph 66, Defendants deny the allegations contained therein for the reason that they are untrue.

67.     In answer to paragraph 67, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and,

therefore, leave Plaintiffs to their proofs.

68.    In answer to paragraph 68, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

69.    In answer to paragraph 69, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

70.    In answer to paragraph 70, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

71.    In answer to paragraph 71, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

72.    In answer to paragraph 72, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

73.    In answer to paragraph 73, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

74.    In answer to paragraph 74, Defendants neither admit nor deny the

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

75.     In answer to paragraph 75, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

76.     In answer to paragraph 76, Defendants deny the allegations contained therein for the reason that they are untrue.

77.     In answer to paragraph 77, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

78.     In answer to paragraph 78, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

79.     In answer to paragraph 79, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

80.     In answer to paragraph 80, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

81.     In answer to paragraph 81, Defendants neither admit nor deny the

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

82. In answer to paragraph 82, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

83. In answer to paragraph 83, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

84. In answer to paragraph 84, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

85. In answer to paragraph 85, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

86. In answer to paragraph 86, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

87. In answer to paragraph 87, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

88.     In answer to paragraph 88, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

89.     In answer to paragraph 89, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

90.     In answer to paragraph 90, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

91.     In answer to paragraph 91, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

92.     In answer to paragraph 92, Defendants deny the allegations contained therein for the reason that they are untrue.

93.     In answer to paragraph 93, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

94.     In answer to paragraph 94, Defendants deny the allegations contained therein for the reason that they are untrue.

95.     In answer to paragraph 95, Defendants deny the allegations contained

therein for the reason that they are untrue.

96.     In answer to paragraph 96, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

97.     In answer to paragraph 97, Defendants deny the allegations contained therein for the reason that they are untrue.

98.     In answer to paragraph 98, Defendants deny the allegations contained therein for the reason that they are untrue.

99.     In answer to paragraph 99, Defendants deny the allegations contained therein for the reason that they are untrue.

100.    In answer to paragraph 100, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

101.    In answer to paragraph 101, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

102.    In answer to paragraph 102, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

103.    In answer to paragraph 103, Defendants deny the allegations contained

therein for the reason that they are untrue.

104.   In answer to paragraph 104, Defendants deny the allegations contained therein for the reason that they are untrue.

105.   In answer to paragraph 105, Defendants deny the allegations contained therein for the reason that they are untrue.

106.   In answer to paragraph 106, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

107.   In answer to paragraph 107, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

## COUNT I:  ALL PLAINTIFFS AGAINST OXFORD DEFENDANTS FOR VIOLATION OF CIVIL RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION AND 42 U.S.C. § 1983, 1988 STATE CREATED DANGER

108.   Defendants hereby incorporate by reference their responses contained in paragraph 1 through 107 inclusive, as if fully set forth herein.

109.   In answer to paragraph 109, Defendants admit the allegations contained therein.

110.   In answer to paragraph 110, Defendants deny any and all allegations that Defendants created or increased the danger to Plaintiffs for the reason that said allegations are untrue. Defendants further deny Plaintiffs' legal allegations for the

18

reason that they are incorrect and/or untrue and that the determination thereof is to be made by the Court herein. Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

111.   In answer to paragraph 111, Defendants deny any and all allegations that Defendants created or increased the danger to Plaintiffs for the reason that said allegations are untrue. Defendants further deny Plaintiffs' legal allegations for the reason that they are incorrect and/or untrue and that the determination thereof is to be made by the Court herein. Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

112.   In answer to paragraph 112, Defendants deny the allegations contained therein for the reason that they are untrue.

113.   In answer to paragraph 113, Defendants deny the allegations contained therein for the reason that they are untrue.

114.   In answer to paragraph 114, Defendants deny the allegations contained therein for the reason that they are untrue.

115.   In answer to paragraph 115, Defendants deny the allegations contained therein for the reason that they are untrue.

116.   In answer to paragraph 116, Defendants deny the allegations contained

therein for the reason that they are untrue.

117.   In answer to paragraph 117, Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants, OXFORD COMMUNITY SCHOOLS, TIMOTHY THRONE, STEVEN WOLF, NICHOLAS EJAK, SHAWN HOPKINS, KENNETH WEAVER, PAM PARKER FINE, JACQUELINE KUBINA, BECKY MORGAN and ALLISON KARPINSKI, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

## COUNT II:  ALL PLAINTIFFS AGAINST THE OXFORD DEFENDANTS FOR VIOLATION OF CIVIL RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION AND 42 U.S.C. § 1983, 1988 – SUPERVISORY LIABILITY OF TIMOTHY THRONE AND STEVEN WOLF

118.   Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 117 inclusive, as if fully set forth herein.

119.   In answer to paragraph 119, Defendants deny the allegations contained therein for the reason that they are untrue.

120.   In answer to paragraph 120, Defendants deny the allegations contained therein for the reason that they are untrue.

121.   In answer to paragraph 121, Defendants deny the allegations contained therein for the reason that they are untrue.

122.   In answer to paragraph 122, Defendants deny the allegations contained therein for the reason that they are untrue.

123.   In answer to paragraph 123, Defendants deny the allegations contained therein for the reason that they are untrue.

124.   In answer to paragraph 124, Defendants deny the allegations contained therein for the reason that they are untrue.

125.   In answer to paragraph 125, Defendants deny any and all allegations that Defendants created or increased the danger to Plaintiffs for the reason that said allegations are untrue. Defendants further deny Plaintiffs' legal allegations for the reason that they are incorrect and/or untrue and that the determination thereof is to be made by the Court herein. Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiffs to their proofs.

126.   In answer to paragraph 126, Defendants deny the allegations contained therein for the reason that they are untrue.

127.   In answer to paragraph 127, Defendants deny the allegations contained therein for the reason that they are untrue.

128.   In answer to paragraph 128, Defendants deny the allegations contained therein for the reason that they are untrue.

129.   In answer to paragraph 129, Defendants deny the allegations contained

21

therein for the reason that they are untrue.

130.   In answer to paragraph 130, Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants, OXFORD COMMUNITY SCHOOLS, TIMOTHY THRONE, STEVEN WOLF, NICHOLAS EJAK, SHAWN HOPKINS, KENNETH WEAVER, PAM PARKER FINE, JACQUELINE KUBINA, BECKY MORGAN and ALLISON KARPINSKI, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

## COUNT III:  42 U.S.C. §1983 – MONELL LIABILITY AGAINST DEFENDANT OXFORD COMMUNITY SCHOOL DISTRICT

131.   Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 130 inclusive, as if fully set forth herein.

132.   In answer to paragraph 132, Defendants deny the allegations contained therein for the reason that they are untrue.

133.   In answer to paragraph 133, Defendants deny the allegations contained therein for the reason that they are untrue.

134.   In answer to paragraph 134, Defendants deny the allegations contained therein for the reason that they are untrue.

135.   In answer to paragraph 135, Defendants deny the allegations contained

therein for the reason that they are untrue.

136. In answer to paragraph 136, Defendants deny the allegations contained therein for the reason that they are untrue.

137. In answer to paragraph 137, Defendants deny the allegations contained therein for the reason that they are untrue.

138. In answer to paragraph 138, Defendants deny the allegations contained therein for the reason that they are untrue.

139. In answer to paragraph 139, Defendants deny the allegations contained therein for the reason that they are untrue.

140. In answer to paragraph 140, Defendants deny the allegations contained therein for the reason that they are untrue.

141. In answer to paragraph 141, Defendants deny the allegations contained therein for the reason that they are untrue.

142. In answer to paragraph 142, Defendants deny the allegations contained therein for the reason that they are untrue.

143. In answer to paragraph 143, Defendants deny the allegations contained therein for the reason that they are untrue.

144. In answer to paragraph 144, Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants, OXFORD COMMUNITY SCHOOLS, TIMOTHY THRONE, STEVEN WOLF, NICHOLAS EJAK, SHAWN HOPKINS, KENNETH WEAVER, PAM PARKER FINE, JACQUELINE KUBINA, BECKY MORGAN and ALLISON KARPINSKI, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants

DATED: June 24, 2022

## **AFFIRMATIVE DEFENSES**

Defendants, OXFORD COMMUNITY SCHOOLS, TIMOTHY THRONE, STEVEN WOLF, NICHOLAS EJAK, SHAWN HOPKINS, KENNETH WEAVER, PAM PARKER FINE, JACQUELINE KUBINA, BECKY MORGAN and ALLISON KARPINSKI, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., state their Affirmative Defenses as follows:

1.      Defendants deny that they breached any duties and, further, deny that they were negligent in any manner. Defendants affirmatively state that they were guided by and strictly observed all legal duties and obligations imposed by operation

24

of law and otherwise. Further, all actions of their agents, servants and/or employees were careful, prudent, proper and lawful.

2.      Plaintiffs have failed to state a claim or cause of action against these Defendants as to which relief can be granted as prayed.

3.      Defendants will show and rely upon at the time of trial that any injury or damage complained of by Plaintiffs was proximately caused by third persons not under the control of these Defendants.

4.      Defendants will show and rely upon at the time of trial that at all times pertinent hereto, Defendants were engaged in the performance of governmental functions and, therefore, are statutorily immune from suit for civil damages for this claim pursuant to the principles of governmental immunity as set forth in case law and the statutes of this State, the Constitutions of the State and Federal Government and the statutes promulgated thereunder.

5.      Plaintiffs' claims are barred by the doctrine of preemption.

6.      Defendants will show at the time of trial that all actions or communications complained of in Plaintiffs' Complaint were absolutely or qualifiedly privileged pursuant to the Constitutions, statutes and common law of the State of Michigan and of the United States and, further, that Defendants are both statutorily immune and the claims as to the Defendants are also barred by qualified immunity.

7.     Defendants are not liable to Plaintiffs for the criminal, assaultive acts of third parties.

8.     This Court lacks jurisdiction over the subject matter of Plaintiffs' Complaint.

9.     Plaintiffs' claim is barred by the Michigan Revised School Code.

10.    Plaintiffs' Complaint is conclusory in nature and fails to state a claim and sufficient facts upon which relief can be granted.

11.    Defendants will show that Plaintiffs have failed to prove any deprivation of a Federal right, nor have Plaintiffs alleged or proven an act of deprivation taken under color of law sufficient to maintain an action based upon the Fourteenth Amendment or 42 USC §1983, § 1988 or the U.S. or Michigan constitutions or statutes promulgated thereunder.

12.    Plaintiffs have failed to mitigate their damages.

13.    Plaintiffs' Complaint is barred by the provisions of the Eleventh Amendment.

14.    Plaintiffs' claim is barred by claim and issue preclusion.

15.    Plaintiff's claims against Defendants failed because Plaintiffs cannot show that Defendants acted with deliberate indifference regarding Plaintiff's allegations of injury.

16.     Defendants have not violated any clearly established constitutional or statutory right.

17.     As a matter of law, OXFORD COMMUNITY SCHOOLS cannot be held vicariously liable for its employees' actions.

18.     Plaintiffs' claim fails as a matter of law and fact because Defendants were not required to protect Plaintiffs from the violence or other mishaps that are not directly attributable to the conduct of its employees.

19.     Defendants will show and rely upon at the time of trial that Plaintiffs had preexisting medical conditions which are a contributing proximate cause of the injuries complained of.

20.     Plaintiffs' claims are barred by qualified immunity.

21.     Plaintiffs' claims are barred by statutory governmental immunity under the Governmental Tort Liability Act (GTLA).

22.     Plaintiffs' claims are barred by the doctrine of Legislative immunity.

23.     Defendants reserve the right to amend their Answer, including additional affirmative defenses, upon completion.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants

DATED:  June 24, 2022

**<u>RELIANCE UPON JURY DEMAND</u>**

Defendants, OXFORD COMMUNITY SCHOOLS, TIMOTHY THRONE, STEVEN WOLF, NICHOLAS EJAK, SHAWN HOPKINS, KENNETH WEAVER, PAM PARKER FINE, JACQUELINE KUBINA, BECKY MORGAN and ALLISON KARPINSKI, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., hereby rely upon the jury demand previously filed by Plaintiffs as to all issues of trial.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants

DATED: June 24, 2022

**<u>CERTIFICATE OF ELECTRONIC SERVICE</u>**

TIMOTHY J. MULLINS states that on June 24, 2022, he did serve a copy of the **Answer, Affirmative Defenses and Reliance Upon Jury Demand** via the United States District Court electronic transmission.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021